# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BENCHMARK CONTRACTING, INC.,

    Plaintiff

v.

NEVADA PARTNERS, INC.,

    Defendant

Case No.: 2:20-cv-01528-APG-DJA

**Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction**

Plaintiff Benchmark Contracting Inc. sued defendant Nevada Partners, Inc. in state court for breach of a contract to construct a building, alleging that Nevada Partners did not pay Benchmark for work related to some change orders on the project.  Nevada Partners removed the action to this court on the basis of federal question jurisdiction and contends that the contract at issue required the parties to comply with various federal statutes and regulations.  Nevada Partners argues in its removal petition that the complaint thus raises a federal question because the decision whether to make payments to Benchmark may depend on whether Benchmark complied with federal laws and regulations.

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "An action arises under federal law only if federal law creates the cause of action or a substantial question of federal law is a necessary element of the plaintiff's well-pleaded complaint." *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019) (quotation omitted).  A defense based on federal law or mere reference to federal laws or regulations is not sufficient where no substantial federal question is essential to the plaintiff's claim. *Id.*

/ / / /

Benchmark's claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment arise under state law.  The claims also do not, on their face, raise a substantial federal question.  Rather, Benchmark alleges it performed work under a contract for which it has not been paid.  I glean from the removal petition that Nevada Partners intends to assert a defense that it did not pay for the change orders because Benchmark did not comply with various federal laws and regulations incorporated into the contract.  But jurisdiction cannot be based on a federal defense.  Additionally, Nevada Partners does not identify a substantial federal question at issue that this case would settle and that "would be controlling in numerous other cases." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006).  Instead, the question of whether a contractor breached a contract because it failed to comply with contractual provisions that incorporated federal law is a "fact-bound and situation-specific" question that does not appear to raise a substantial question of federal law. *See id.* at 700-01.

I therefore lack subject matter jurisdiction over this dispute.  However, before I remand this action to state court, I will allow Nevada Partners an opportunity to show cause why I should not remand.

I THEREFORE ORDER that by September 18, 2020, defendant Nevada Partners, Inc. shall show cause why this action should not be remanded for lack of subject matter jurisdiction. Failure to respond to this order by that date will result in remand without further notice. Benchmark Contracting, Inc. may file a response by October 9, 2020.

DATED this 21st day of August, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2