# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BENCHMARK CONTRACTING, INC., | Case No.: 2:20-cv-01528-APG-DJA |
| Plaintiff | **Order Remanding Case for Lack of Subject Matter Jurisdiction** |
| v. | |
| NEVADA PARTNERS, INC., | |
| Defendant | |

Plaintiff Benchmark Contracting Inc. sued defendant Nevada Partners, Inc. in state court for breach of a contract to construct a building, alleging that Nevada Partners did not pay Benchmark for work related to some change orders on the project. Nevada Partners removed the action to this court on the basis of federal question jurisdiction and contends that the contract at issue required the parties to comply with various federal statutes and regulations. Nevada Partners argues in its removal petition that the complaint thus raises a federal question because the decision whether to make payments to Benchmark may depend on whether Benchmark complied with federal laws and regulations. I ordered Nevada Partners to show cause why this action should not be remanded for lack of subject matter jurisdiction. ECF No. 5. Nevada Partners' response does not show subject matter jurisdiction exists, so I remand this case.

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "An action arises under federal law only if federal law creates the cause of action or a substantial question of federal law is a necessary element of the plaintiff's well-pleaded complaint." *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019) (quotation omitted). A defense based on federal law or mere

reference to federal laws or regulations is not sufficient where no substantial federal question is essential to the plaintiff's claim. *Id.*

Benchmark's claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment arise under state law. The claims also do not, on their face, raise a substantial federal question. Rather, Benchmark alleges it performed work under a contract for which it has not been paid. Nevada Partners intends to argue that it did not pay for the change orders because Benchmark did not comply with various federal laws and regulations incorporated into the contract. But jurisdiction cannot be based on a federal defense. Additionally, even if compliance with the federal laws and regulations were a condition precedent to payment, Nevada Partners does not identify a substantial federal question at issue that this case would settle and that "would be controlling in numerous other cases." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006). Instead, the question of whether a contractor breached a contract because it failed to comply with contractual provisions that incorporated federal law is a "fact-bound and situation-specific" question that does not raise a substantial question of federal law. *See id.* at 700-01. I lack subject matter jurisdiction over this dispute, so I remand it.

I THEREFORE ORDER that the case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED this 21st day of September, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE